

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 2, 1951

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas          Opinion No. V-1296

                       Re: Legality of expending pro-
                             ceeds from sale of "motor-
                             propelled passenger-carrying
                             vehicles" for travel ex-
Dear Sir:                      penses.

         We refer to your request for an opinion in which you
ask whether proceeds from the sale of "motor-propelled passenger-
carrying vehicles" by the Bureau of Labor Statistics may be de-
posited to the credit of Item 12 of the appropriation to the
Bureau of Labor Statistics (Art. III, Sec. 1, H.B. 426, Acts
52nd Leg., R.S. 1951, ch. 499, p. 1228, at p. 1374) and expended
for travel expenses.

         You also ask whether proceeds from the sale of "motor-
propelled passenger-carrying vehicles" by the Comptroller's De-
partment may be deposited to the credit of the appropriation to
the Comptroller's Department for travel expenses and other pur-
poses (Art. III, Sec. 1, H.B. 426, Acts 52nd Leg., R.S. 1951,
ch. 499, p. 1228, at p. 1324) and expended for travel expenses.

         Your letter requesting our opinion reads as follows:

         "Please refer to your opinions numbers V-1253 and
V-1254. I quote from page 12 of opinion number V-1254:

         "'Examples of valid and invalid riders in House
Bill 426, the general appropriation bill for the bien-
nium ending August 31, 1953, may be found in Subdivi-
sion (15) of Section 2, Article III, relating to State-
owned automobiles. The valid rider provides:

         "'". . . No motor-propelled passenger-carrying
vehicle may be purchased with any of the funds appro-
priated in this Article, . ..."'

         "Article 666, V.C.S., reads in part as follows:

         "'The money derived from the sale of such property,
less the expenses of advertising the sale, shall be de-

posited in the State Treasury, to the credit of the appropriation of the State Agency which transferred such property to the State Board of Control for disposition. The credit to the appropriation of such State Agency shall be made to the appropriation for such State Agency from which such property could be purchased.' (Underscoring supplied throughout.)

"The Bureau of Labor Statistics desires to sell its State-owned motor-propelled passenger-carrying vehicles after September 1, 1951, and has asked this department whether the proceeds from the sale of such motor vehicles should be deposited to the credit of its appropriation for travel expenses listed as Item 12 under the appropriation for the Bureau of Labor Statistics for the year beginning September 1, 1951, or whether it should be deposited to the credit of Item 13, under the same appropriation, for equipment, stationery, printing, postage, etc., for the same year.

"In view of the language used in your opinions holding the restrictive part of the rider valid with reference to the purchase of motor vehicles, and since the language in Article 666 specifically states that the money shall be deposited to the credit of the appropriation from which such property could be purchased, this department is undecided as to whether the proceeds from the sale of such motor vehicles should be deposited to either of the above mentioned appropriation items or whether it should be deposited to the credit of the appropriation from which the vehicles were purchased and paid for some years prior.

"Anticipating a request for a deposit of the proceeds from the sale of such vehicles, this department requests your opinion as to whether the proceeds from the sale of a motor vehicle of the type mentioned, sold by the Bureau of Labor Statistics in September, 1951, can be deposited to its travel expense appropriation for the current year; and whether it is available to the Bureau of Labor Statistics for the use of travel expenses for the current year. I shall thank you to advise me in the premises.

"The Comptroller's Department will likely want to sell its motor-propelled passenger-carrying vehicles after September 1, 1951, provided the Comptroller can use the proceeds from the sale of such vehicles for the payment of travel expenses. The appropriation for the Comptroller's Department is not itemized. The

provision for travel expenses is included in the fol-
lowing language in the appropriation to the Comptrol-
ler's Department:

"'The above appropriations are for salaries, sea-
sonal help, travel, bond premiums, office and equip-
ment rentals, repairs, duplicating supplies, printing,
telephone and telegraph, postage, stationery, express
freight and drayage, utilities, service materials,
office supplies and miscellaneous operating expense
and purchase of equipment and furnishings and contin-
gencies in the enforcement of all laws under the super-
vision of the Comptroller.'

"I shall thank you to advise whether the Comptrol-
ler may deposit the proceeds from the sale of the above
described vehicles to the Comptroller's current appropri-
ation and whether the same is available for the use of
the Comptroller for travel expenses for the fiscal year
beginning September 1, 1951."

It will be observed that Article 666, Vernon's Civil
Statutes, which you quote in part in your letter, provides that
money received from the sale of property which has become "unfit
for use, or be no longer needed" shall be deposited in the Treas-
ury to the credit of the appropriation of the agency concerned
"from which such property could be purchased."

We have heretofore held that "motor-propelled passen-
ger-carrying vehicles" may not be purchased with any of the
funds appropriated by Article III of House Bill 426, supra,
Att'y Gen. Op. V-1253 (1951).

Article III, Section 2, Subdivision (15) of House Bill
426, supra, purports to appropriate (at page 1438) funds derived
from the sale of "motor-propelled passenger-carrying vehicles to
the agency selling such vehicles to be expended . . . for travel
or such other purposes, except salaries, as may be approved by
the Legislative Budget Board." We do not think this provision
is effective as an appropriation of money received from the sale
of motor-propelled passenger-carrying vehicles which have become
unfit for use or are no longer needed, since the money to which
this provision refers is that received from the sale of motor-
propelled passenger-carrying vehicles required to be sold by the
provisions of the rider of which the appropriating language is
a part and which we held invalid in Opinion V-1253.

Subdivision (27), Section 2, Article III of the general
appropriation bill provides at page 1442:

"There is hereby appropriated to any State agency selling or transferring surplus property pursuant to Article 666, Revised Civil Statutes of Texas, as amended, all proceeds of such sales or transfers and there is also appropriated to any State agency any remaining balance of any appropriation derived from the sale or transfer of surplus property pursuant to Article 666, Revised Civil Statutes of Texas, as amended, to the end of the current fiscal year and to the end of the fiscal year ending August 31, 1953, to be used by such State agency in accordance with said Article 666, Revised Civil Statutes of Texas, as amended."

Because of the provision in Subdivision (15), supra, of the general appropriation bill prohibiting the purchase of "motor-propelled passenger-carrying vehicles", which we held valid in Opinion V-1253, there is no appropriation "from which such property could be purchased." We believe, however, that the provisions of Article 666 will nevertheless operate to require credit of money derived from the sale of vehicles determined to be no longer needed to the fund "from which such property could be purchased" had the Legislature not adopted Subdivision (15).

This office has held that the purchase of automobiles may be regarded as an item of travel expense, and, in the absence of a specific appropriation to a department or agency or division thereof for the purchase of automobiles, the department or agency or division thereof having an appropriation for "travel expense" may purchase automobiles out of that appropriation. Att'y Gen. Ops. 0-2669 (1940), 0-5925 (1944), and V-1097 (1950). These opinions indicate that your department has long concurred in the holdings thereof and has considered appropriations for "travel expense" as covering the purchase of automobiles, in the absence of specific appropriations for that purpose.

Money received from the sale of "motor-propelled passenger-carrying vehicles" deposited to the credit of the appropriation from which such property could be purchased is appropriated by Subdivision (27) for the purposes for which the appropriation to which credited may be expended. Hence, money deposited to the credit of an appropriation for "travel expense" or an appropriation which, by its terms, is sufficiently broad to cover that item of expense may be expended for travel expenses.

You are therefore advised that money received from the sale of motor vehicles by the Bureau of Labor Statistics pursuant to the provisions of Article 666 should be credited to Item 12, or other appropriation to the Bureau from which such property could be purchased except for the provisions of Subdivision (15)

of Section 2, Article III, of the general appropriation bill. It follows that money so credited may be expended for travel expenses since Item 12 is an appropriation for travel expenses.

Money derived from the sale of "motor-propelled passenger-carrying vehicles" by the Comptroller's Department pursuant to the provisions of Article 666 should be credited to the appropriations to the Comptroller's Department referred to in your request for an opinion. Money so credited may be expended for travel expenses since this appropriation covers travel expenses.

## SUMMARY

Money derived from the sale of "motor-propelled passenger-carrying vehicles" by the Bureau of Labor Statistics under Article 666, V.C.S., should be credited to Item 12 or other appropriation to the Bureau for travel expense (Art. III, Sec. 1, H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228, at p. 1374), and may be expended for travel expenses.

Money derived from the sale of "motor-propelled passenger-carrying vehicles" by the Comptroller's Department under Article 666, V.C.S., should be credited to the appropriation to the Comptroller's Department made by the appropriating riders at pages 1323 and 1324 of the general appropriation bill and may be expended for travel expenses.

Yours very truly,

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

PRICE DANIEL
Attorney General

By Everett Hutchinson
Everett Hutchinson
Executive Assistant

EH:meh